**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
David C. Bass (Cal. Bar No. 296380)
david.bass@knchlaw.com
Jerome Satran (Cal Bar. No. 188286)
jerry.satran@knchlaw.com
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
(916) 724-5700
(916) 788-2850 (fax)

**INSTITUTE FOR JUSTICE**
Dan Alban (*pro hac vice* forthcoming)
dalban@ij.org
Kirby Thomas West (*pro hac vice* forthcoming)
kwest@ij.org
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| EMPYREAL ENTERPRISES, LLC, d/b/a EMPYREAL LOGISTICS<br><br>Plaintiff,<br><br>vs.<br><br>The United States of America; the U.S. Department of Justice; Attorney General MERRICK GARLAND, in his official capacity; the Federal Bureau of Investigation; CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, in his official capacity; KRISTI KOONS JOHNSON, Assistant Director of the Federal Bureau of | Case No.: 5:22-cv-94<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND [PROPOSED] ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Hearing Date: _____<br><br>Hearing Time: _____ |

| | |
|---|---|
| 1 | Investigation overseeing the FBI's Los Angeles Field Office, in her official capacity; the Drug Enforcement Administration; ANNE MILGRAM, Administrator of the Drug Enforcement Administration, in her official capacity; SHANNON D. DICUS, San Bernardino County Sheriff-Coroner, in his official capacity as the head of the San Bernardino County Sheriff's Office, |
| | Defendants. |

On consideration of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, it is hereby ORDERED that the application is GRANTED. The Court finds that Plaintiff has demonstrated a likelihood of success on Counts 1, 2, 3, and 5 of its complaint, that Plaintiff is suffering irreparable harm in the absence of immediate relief, that the balance of the equities is in Plaintiff's favor, and that a temporary restraining order and order to show cause are in the public interest.

Specifically, Plaintiff is being deprived of its ability to complete contracted services with its clients, is being deprived of hundreds of thousands of dollars, is being forced to expend funds on civil forfeiture proceedings initiated without probable cause, is being forced to re-route or suspend operations in multiple jurisdictions including San Bernardino County at considerable expense, is being forced to suspend construction of a currency processing facility in San Bernardino County, is being forced to forgo offering new services in three Midwestern states

and in Southern California, has lost potential clients, is at risk of having to cease lawful business operations for financial institutions and their customers involved in state-legal medical cannabis and adult-use cannabis business, which would severely impact Empyreal's business, most of which comes from those operations.

These injuries have caused and continue to cause Plaintiff irreparable harm in non-recoupable expenses, loss of business reputation and goodwill, and alteration and suspension of its lawful business operations. No reason justifies these irreparable harms; they are caused by Defendants' violations of federal and state law, the Fourth Amendment, and the Fourteenth Amendment in the form of stops, searches, and seizures of Plaintiff's personnel and property without reasonable suspicion or probable cause and in furtherance of Defendants' unconstitutional profit incentives.

The Court accordingly ORDERS Defendants to show cause why a preliminary injunction should not issue, and, pending hearing on the Order to Show Cause, the Court GRANTS Plaintiff's application for a temporary restraining order. The Court further ORDERS:

PENDING HEARING on the above Order to Show Cause, Defendants, their officers, agents, employees, and attorneys, and all those in active concert or participation with them are HEREBY RESTRAINED AND ENJOINED from:

    a. Stopping, detaining, or seizing Plaintiff's personnel or vehicles absent articulable, particularized reasonable suspicion or probable cause of a

traffic violation or other criminal conduct. In the context of Plaintiff's cash-in-transit business, knowledge or belief that the personnel or vehicles are transporting the proceeds of state-licensed cannabis sales is not articulable, particularized reasonable suspicion or probable cause of criminal conduct.

b. Extending the duration of any traffic stop beyond the time necessary to complete the stop's traffic-violation or other probable-cause based reason for the stop. In the context of Plaintiff's cash-in-transit business, knowledge or belief that the vehicle is transporting the proceeds of state-licensed cannabis sales is not a lawful basis for extending the duration of a stop.

c. Searching Plaintiff's personnel, property, or possessions (including vehicles, safes, or other containers) absent articulable probable cause to believe that the particular place or thing being searched contains contraband or otherwise unlawful property. In the context of Plaintiff's cash-in-transit business, knowledge or belief that the place or thing being searched contains the proceeds of state-licensed cannabis sales is not articulable, particularized probable cause to believe that the place or thing contains contraband or otherwise unlawful property.

    d. Seizing Plaintiff's property or possessions (including vehicles, safes, other containers, cash, or currency) absent articulable, particularized probable cause to believe that the property is contraband or the proceeds of unlawful activity. In the context of Plaintiff's cash-in-transit business, knowledge or belief that a vehicle, safe, or other container contains the proceeds of state-licensed cannabis sales is not articulable, particularized probable cause. In the context of Plaintiff's cash-in-transit business, knowledge or belief that cash or currency is the proceeds of state-licensed cannabis sales is not probable cause.

Defendants are hereby ORDERED TO SHOW CAUSE why a preliminary injunction should not issue under the same terms as the Temporary Restraining Order described above.

\*\*\*

Defendants are FURTHER ORDERED to appear before this Court in the courtroom of the Honorable _____, Courtroom \_\_\_\_, located at 3470 12th Street, Riverside, California 92501, on _____, 2022, at _____.m., or as soon thereafter as counsel may be heard. Plaintiff shall file any additional brief and supporting evidence for Plaintiff's requested motion for preliminary injunction by _____, 2022; Defendants shall file their oppositions to the motion for preliminary injunction by _____, 2022; and Plaintiff shall file its reply brief in support of the motion for preliminary injunction by _____, 2022.

It is FURTHER ORDERED that this Temporary Restraining Order is effective immediately upon issue. A copy of this Order to Show Cause must be served on Defendants no later than _____, 2022.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2022.

_____
UNITED STATES DISTRICT COURT JUDGE