**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
David C. Bass (Cal. Bar No. 296380)
david.bass@knchlaw.com
Jerome Satran (Cal Bar. No. 188286)
jerry.satran@knchlaw.com
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
(916) 724-5700
(916) 788-2850 (fax)

**INSTITUTE FOR JUSTICE**
Dan Alban (*pro hac vice* forthcoming)
dalban@ij.org
Kirby Thomas West (*pro hac vice* forthcoming)
kwest@ij.org
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| EMPYREAL ENTERPRISES, LLC, d/b/a EMPYREAL LOGISTICS,<br><br>Plaintiff,<br><br>vs.<br><br>The United States of America; the U.S. Department of Justice; Attorney General MERRICK GARLAND, in his official capacity; the Federal Bureau of Investigation; CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, in his official capacity; KRISTI KOONS JOHNSON, Assistant Director of the Federal Bureau of | Case No.: 5:22-cv-94<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Judge:<br><br>Complaint Filed: 1/14/22 |

| | |
|---|---|
| 1 | Investigation overseeing the FBI's Los Angeles Field Office, in her official capacity; the Drug Enforcement Administration; ANNE MILGRAM, Administrator of the Drug Enforcement Administration, in her official capacity; SHANNON D. DICUS, San Bernardino County Sheriff-Coroner, in his official capacity as the head of the San Bernardino County Sheriff's Office, |
| | Defendants. |

I, David C. Bass, submit the following declaration in support of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause.

1. I am a citizen of the United States of America and a resident of the state of California. I am over eighteen years of age and fully competent to make this declaration.

2. I am Plaintiff's counsel of record in this case. I have personal knowledge of the following facts and would competently testify to them if called upon to do so.

3. All of the Defendants in this case are state and federal government entities (individuals are sued only in their official capacities as the heads of those government entities).

4. Based upon information provided to me in phone calls with the San Bernardino County Sheriff's Department and the FBI, the property seized during

the November 16 seizure was transferred to the FBI for civil forfeiture and has been issued an FBI tracking number.

5. Based upon information provided to me in a phone call with the FBI on January 10, 2022, the property seized during the December 9 seizure was also transferred to the FBI for civil forfeiture.

6. Based on past experience, I expect the Federal Defendants to be represented by counsel in the Department of Justice Civil Division. I cannot know who will ultimately be assigned to the case, so I have not been able to contact Federal Defendants' counsel in advance of filing this ex parte application for a temporary restraining order. However, concurrently with the filing of the complaint and this ex parte application, Plaintiff's counsel have caused immediate service of summonses upon all of the Federal Defendants and all others required by and in accordance with Federal Rule of Civil Procedure 4 and Local Rules 4-1, 4-2, and 4-3, including the United States Attorney's Office by email to its TRO notice address at usacac.civil-tronotice@usdoj.gov. Plaintiff's counsel will continue to exercise due diligence in effecting service and notice of orders, hearings, and deadlines by the Court, including Plaintiff's requested temporary restraining order and show-cause hearing for a preliminary injunction.

7. Based on past experience, I expect the State Defendants to be represented by San Bernardino government counsel or outside counsel. I cannot know who will ultimately be assigned to the case, so I have not been able to

contact State Defendants' counsel in advance of filing this ex parte application for a temporary restraining order other than by submitting a letter and mitigation packet on November 30, 2021 regarding the November 16, 2021 seizure. I have repeatedly attempted to contact San Bernardino County Counsel regarding these events, and have only received confirmation from one county counsel that they received the mitigation packet. However, concurrently with the filing of the complaint and this ex parte application, Plaintiff's counsel have caused immediate service of summonses upon all of the State Defendants and all others required by and in accordance with Federal Rule of Civil Procedure 4 and Local Rules 4-1, 4-2, and 4-3, including by emailing Miles Kowalski at mkowalski@sbcsd.org. Additionally, for the elimination of doubt, I have also caused service on the California Attorney General's Office at AGelectronicservice@doj.ca.gov. Plaintiff's counsel will continue to exercise due diligence in effecting service and notice of orders, hearings, and deadlines by the Court, including Plaintiff's requested temporary restraining order and show-cause hearing for a preliminary injunction.

8. The Court should not require notice in advance of granting this ex parte application for a temporary restraining order because, as explained more fully in the accompanying complaint, application for TRO and memorandum of points and authorities, and supporting declaration of Deirdra O'Gorman, Plaintiff has suffered, is suffering, and will continue to suffer ongoing and irreparable harm and

injury in the absence of immediate relief. Specifically, due to Defendants' unlawful and unconstitutional conduct, Plaintiff has been forced to suspend its business operations in San Bernardino County and the state of Kansas, significantly alter its business operations in Southern California, and forgo planned expansion of services for its clients in several states. Plaintiff is also suffering serious reputational loss due to Defendants' conduct, including the loss of potential clients, and smear attacks by competitors who are attempting to attract Plaintiff's clients. Plaintiff also reasonably fears that Defendants' ongoing conduct is also interfering with its ability to attract investors and business partners.

9. Defendants will not be prejudiced or harmed in any way from the Court enjoining their unlawful and unconstitutional conduct pending a show-cause hearing for a preliminary injunction. This is a civil rights case, and Defendants are government entities—not for-profit businesses—so there is no risk to Defendants of business disruption or other economic injury. To the contrary, for the reasons explained in Plaintiff's brief, immediate relief is in the public interest, to put a stop to Defendants' violations of the Fourth Amendment and Fourteenth Amendments, and federal and state law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of January, 2022, at Roseville, California.

Dated: January 14, 2022              Respectfully submitted,

/s/    David C. Bass
**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
David C. Bass (Cal. Bar No. 296380)
david.bass@knchlaw.com
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
(916) 724-5700
(916) 788-2850 (fax)

*Counsel for Plaintiff*