TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
KEVIN B. FINN (Cal. Bar No. 128072)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6739
    Facsimile: (213) 894-7819
    E-mail: kevin.finn@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPYREAL ENTERPRISES dba EMPYREAL LOGISTICS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ET AL.,<br><br>    Defendants | No. CV 22-0094 JWH (SHK)<br><br>**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; MEMORANDUM IN SUPPORT; AND DECLARATION OF COUNSEL**<br><br>No Hearing Set<br><br>Honorable John W. Holcomb |

1

## OPPOSITION

Federal Defendants, by and through undersigned counsel, hereby oppose Plaintiff's Application for Temporary Restraining Order. The following memorandum is submitted in support of the Defendants' opposition.

## MEMORANDUM IN SUPPORT OF OPPOSITION

### I. INTRODUCTION

Plaintiff has not properly served the complaint or the application for temporary restraining order ("TRO") on the Federal Defendants. Plaintiff admits to making no attempt to speak with anyone in the U.S. Attorney's Office in advance of the filing to discuss the claims and possible resolution. Declaration of David Bass, ("Bass Dec."), ¶ 6. Instead, Plaintiff emailed copies of the complaint, the application, two declarations and proposed order to a general email box in the late afternoon on the Friday before a long holiday weekend. *See* Osinoff Declaration, ¶¶ 4-5, attached hereto and submitted herewith.  As demonstrated herein, Plaintiff has failed to meet the legal standards required for the issuance of a TRO and thus, the application for TRO should be denied.

### II. LEGAL STANDARD

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the Petitioner is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). For a TRO to issue, the moving party must demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *See id.* at 20. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24 (citation and internal quotation marks omitted).

An injunction is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the Petitioner will be wronged [] – a 'likelihood of substantial and immediate

irreparable injury.'" *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). A district court should enter a preliminary injunction only "upon a clear showing that the [movant] is entitled to such relief." *Winter*, 555 U.S. at 22.

The purpose of a TRO is to preserve the status quo. Here, Plaintiff does not seek to preserve the status quo but rather to essentially decide the dispute at its inception via an ex parte application for TRO. Such relief is especially disfavored. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974) (noting that TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (noting that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Anderson v. United States*, 612 F.2d 1112, 1114 (1979) ("[m]andatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party").

A temporary restraining order, as a form of preliminary injunctive relief, "is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

### III.  PLAINTIFF HAS FAILED TO MEET HIS BURDEN

The standard for issuing a temporary restraining order ("TRO") and issuing a preliminary injunction are substantially identical. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Either is "an extraordinary remedy that may only be awarded upon a clear showing that the Petitioner is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Plaintiff has failed to establish any of the factors required for the issuance of a TRO. It has failed to establish that the likelihood of success on the merits, that it will

suffer immediate and irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, or that an injunction is in the public interest.

### A. Plaintiff Lacks Standing to Assert Constitutional Claims

Article III of the Constitution confines the federal courts to adjudicating cases and controversies. Accordingly, Plaintiff must show: (i) an "injury in fact," consisting of "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (ii) "a causal connection between the injury and the conduct complained of;" and (iii) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). That is because the standing doctrine "'serves to prevent the judicial process from being used to usurp the powers of the political branches.'" *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013).

Importantly, where, as here, the relief sought is prospective relief only, a plaintiff must demonstrate a risk of future injury that is both "real" and "immediate" and neither "conjectural" nor "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03 (1983). Thus, a plaintiff seeking forward-looking relief bears the burden of proving the existence of a future "'threatened injury [that is] certainly impending.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). And a risk of injury is not the same as proving the injury.

The injury alleged is the November and December 2021 seizures of over $1 million dollars by the San Bernardino Sheriff's Department which was allegedly transferred to the FBI. But Plaintiff is a transport service; it is not the owner of the monies seized. The monies seized were from its customers, marijuana dispensaries, restaurants and other businesses. Accordingly, the injury, if any, rests with the owners of

4

the currency who are not plaintiffs in this action. Moreover, Plaintiff has presented no evidence whatsoever that demonstrates a risk of future injury that is both "real" and "immediate."

Plaintiff lacks standing as well for the Fifth Amendment challenge on the same basis. Plaintiff's allegations are generalized and unsupported.

Plaintiff also argues that the stops and seizures within California were politically motivated for financial gain, referencing the equitable sharing program and an appropriations rider which Plaintiff claims prohibits the use of funds to interfere with state medical cannabis laws. Even if Plaintiff's claims of prohibited use of appropriated funds were accurate, and Defendants assert they are not, Plaintiff's claims are belied by Plaintiff's own admission that <u>not</u> all monies carried in its vehicles were from exclusively medical marijuana dispensaries. *See* O'Gorman Dec. ¶ 31. Moreover, Plaintiff's claims of political motivation are speculative and unsupported.[1]

The legality of asset forfeiture, specifically the equitable sharing program which Plaintiff attacks, has long been upheld. *Bennis v. Michigan*, 516 U.S. 442 (1996) (forfeiture is not a "taking" within meaning of the Fifth Amendment); *McCutchen v. United States*, 145 Fed. Cl. 42, 51 (Fed. Cl. 2019) ("There are certain exercises of the police power that have repeatedly been treated as legitimate even in the absence of compensation to the owners of the property. Among these are government actions taken to require the forfeiture of property used in connection with criminal activity"); *United States v. Segal*, 432 F.3d 767, 779 (7th Cir. 2005) (following *Bennis*; criminal forfeiture is not a "taking" under Takings Clause); *United States v. $7,999 in U.S. Currency*, 170 F.3d 843, 845 (8th Cir. 1999) (civil forfeiture does not violate Takings Clause; it is an exercise of the police power; following *Bennis*); The authority to seize property does not

---

[1] In multiple paragraphs, the declarations of O'Gorman and Bass refer to unspecified "information provided to me." Defendants object to the O'Gorman and Bass declarations on grounds of lack of foundation and hearsay. *See* Fed.R.Ev. 602, 603, 801, 802, 805; *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995) (a declaration of an attorney must establish personal knowledge, not knowledge based on hearsay). The declarations are deficient and inadmissible.

rest on the equitable sharing program. *USA v. 434 Main Street, Tewksbury, Mass.*, 862 F.Supp.2d 24 (D. Mass. 2012).

A TRO should not issue where the civil forfeiture process provides an available remedy for Plaintiff for the return of the seized monies, a remedy that Plaintiff is obviously familiar with and already employing in Kansas. Plaintiff is a claimant in a pending civil forfeiture action in Kansas seeking the return of monies.[2] Thus, seeking relief in this Court is duplicative and amounts to forum shopping, which is not proper.

Plaintiff's TRO application is similar to a Rule 41 motion or complaint which asks a court to exercise its equitable power to return seized property. Rule 41 motions are generally denied as the civil forfeiture process provides an adequate remedy at law. The same is true here. Civil forfeiture proceedings provide plaintiff a means of challenging the seizure and recovering seized property. *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988) (upholding dismissal of Rule 41 motion filed before civil forfeiture proceedings were commenced, reasoning that equitable remedy not needed where civil forfeiture proceeding would allow claimant to challenge Fourth Amendment violation). That is the process that Plaintiff should be invoking.

For the reasons stated above, Plaintiff cannot and has not demonstrated the likelihood of success on the merits and the application for TRO should be denied.

B.   <u>Plaintiff Fails to Establish That It Will Suffer Irreparable Harm Absent the Issuance of a TRO</u>

---

[2] Plaintiff is actively engaged in litigation seeking the return of the monies collected from marijuana dispensaries Kansas City and bound for a Colorado credit union in the pending civil forfeiture action. *See United States of America v. $165,620.00 in United States Currency*, 6:2021-cv-01215-HLT-KGG (D. Kansas, complaint filed 9/3/2021) (ECF #1)(copy attached for the convenience of the Court). The Kansas district court issued a warrant in rem and ruled that there was probable cause to seize the money. Id., ECF #3 (copy attached for the convenience of the Court). The Court can take judicial notice of these filings. *See also* https://www.bizjournals.com/kansascity/news/2021/10/25/kansas-sheriff-seizes-cash-misssouri-dispensaries.html and https://www.usnews.com/news/best-states/kansas/articles/2021-10-27/company-challenges-seizure-of-marijuana-proceeds-in-kansas. https://www.usnews.com/news/best-states/kansas/articles/2021-10-27/company-challenges-seizure-of-marijuana-proceeds-in-kansas.

The Supreme Court's "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* Conclusory or speculative allegations are not enough to establish a likelihood of irreparable harm. *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."); *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (finding irreparable harm not established by statements that "are conclusory and without sufficient support in facts"). Moreover, the threat of a likely injury must be "immediate." *See Caribbean Marine Servs. Co.*, 844 F.2d at 674.

    Here, in the O'Gorman declaration, Plaintiff alleges primarily that it has suffered monetary losses. Money losses do not constitute immediate and irreparable harm. The other alleged losses in the declaration are also monetary and speculative. For example, Plaintiff claims that it <u>expects</u> to lose business opportunities and investors due to the Kansas seizure and the two stops in California. Plaintiff's claim is speculative by its own description. Plaintiff claims that it is losing rents on its facility, but the building has not been disturbed by the Federal Defendants; it is available for Plaintiff's use. Plaintiff also claims projected losses if its operations are suspended, but Plaintiff's operations have not been stopped or suspended by the Federal Defendants. Plaintiff by its own admissions is re-routing its drivers. Conclusory arguments fail to establish that Plaintiff will suffer irreparable harm in the absence of a TRO. *See Herb Reed*, 736 F.3d at 1250. Plaintiff's claim of future injury is hypothetical and based on a conjectural injury it has not suffered and may never suffer. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) (finding standing based on fear, even one that is reasonable, "improperly waters down

the fundamental requirements of Article III.").

///

### C. Balance of the Equities and the Public Interest Support Denial of the TRO

It is well-settled that the public has a significant interest in the enforcement of criminal laws of the United States. "There are certain exercises of the police power "that ha[ve] repeatedly been treated as legitimate even in the absence of compensation to the owners of the ... property." [citing *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1332-33 (Fed. Cir. 2006)]. Among these are government actions taken to enforce prohibitions on the use or possession of dangerous contraband, or to require the forfeiture of property used in connection with criminal activity. *See e.g., Bennis v. Michigan*, 516 U.S. 442, 453, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996) (holding that the forfeiture of an innocent owner's property that was used in a crime was not a taking)." *McCutchen v. United States*, 145 Fed. Cl. 42, 51 (2019), aff'd on other grounds, 14 F.4th 1355 (Fed. Cir. 2021). Even if Plaintiff could show irreparable harm, it is outweighed by the public interest.

### IV. CONCLUSION

Plaintiff has failed to meet its heavy burden to establish that it is entitled to the extraordinary relief of a temporary restraining order. Therefore, the Court should deny Plaintiff's application for a temporary restraining order.

Dated: January 15, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

 /s/ Joanne S. Osinoff
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
Attorneys for Federal Defendants