| Case No. | 5:22-cv-00094-JWH-SHKx | Date | January 18, 2022 |
|---|---|---|---|
| Title | *Empyreal Ent., LLC v. U.S.A., et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER RE: *EX PARTE* APPLICATION [ECF No. 18] (IN CHAMBERS)**

Before the Court is the *ex parte* application of Plaintiff Empyreal Enterprises, LLC d/b/a Empyreal Logistics for a temporary restraining order ("TRO") and an order to show cause ("OSC") regarding a preliminary injunction.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court orders that the Application is **DENIED**, as set forth herein.

Empyreal filed its Complaint commencing this action on January 14, 2022. That same day, it filed the instant Application.  Empyreal acknowledges that it made no attempt to speak with anyone in the U.S. Attorney's Office before filing the Application.[3]  Instead, as the Federal Defendants note in their Opposition, Empyreal "emailed copies of the complaint, the application, two declarations and

---

[1]    Pl.'s *Ex Parte* Appl. for TRO and OSC Re:  Prelim. Injunction (the "Application") [ECF No. 18].

[2]    The Court considered the following papers:  (1) Compl. (the "Complaint") [ECF No. 1]; (2) the Application (including its attachments); and (3) Fed. Defs.' Am. Opp'n to the Application (the "Opposition") [ECF No. 31].

[3]    Decl. of David Bass in Supp. of the Application [ECF No. 18-4].

proposed order to a general email box in the late afternoon on the Friday before a long holiday weekend."[4]

Under the Federal Rules of Civil Procedure, a district court may issue a TRO without written or oral notice to the adverse party or its attorney only if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Ninth Circuit has observed that "very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The stringency of Rule 65's requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

"In cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n.*, 452 F.3d at 1131 (internal quotation omitted). Here, Empyreal could have provided notice, and such notice would not render fruitless the further prosecution of the action. Accordingly, the Application is **DENIED** for failure to comply with Rule 65's notice requirement. The Court makes this Order **without prejudice** to Empyreal's right or ability to seek appropriate injunctive relief through a regularly noticed motion.

**IT IS SO ORDERED.**

---

[4] Opposition 2:11-13; *see also* Decl. of Joanne Osinoff in Supp. of the Opposition [ECF No. 31-1] ¶¶ 4 & 5.

CIVIL MINUTES—
GENERAL

Initials of Deputy Clerk <u>iv</u>