**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
David C. Bass (Cal. Bar No. 296380)
david.bass@knchlaw.com
Jerome Satran (Cal Bar. No. 188286)
jerry.satran@knchlaw.com
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
(916) 724-5700
(916) 788-2850 (fax)

**INSTITUTE FOR JUSTICE**
Dan Alban (admitted *pro hac vice*)
dalban@ij.org
Kirby Thomas West (admitted *pro hac vice*)
kwest@ij.org
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| EMPYREAL ENTERPRISES, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　Defendants. | Case No. 5:22-cv-00094-JWH-SHKx<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Honorable John W. Holcomb |

　　　　Pursuant to Local Rule 79-5.2 and for the reasons in the memorandum accompanying this motion, Plaintiff respectfully requests that this Court grant leave to file under seal certain documents in support of its reply to Defendants' Opposition to Plaintiff's Renewed Application for Temporary Restraining Order, filed this same day. Specifically, Plaintiff requests the filing under seal of the Supplemental Declaration of Deirdra O'Gorman in Support of Plaintiff's

Application for Leave to File Under Seal and Plaintiff's Renewed *Ex Parte* Motion for Temporary Restraining Order and Exhibits A, B, C, and D attached to her declaration.

Dated: January 27, 2022

Respectfully submitted,

/s/   David C. Bass

| | |
|---|---|
| **INSTITUTE FOR JUSTICE** | **KOELLER, NEBEKER, CARLSON & HALUCK LLP** |
| Dan Alban (admitted *pro hac vice*) | David C. Bass (Cal. Bar No. 296380) |
| dalban@ij.org | david.bass@knchlaw.com |
| Kirby Thomas West (admitted *pro hac vice*) | Jerome Satran (Cal Bar. No. 188286) |
| kwest@ij.org | jerry.satran@knchlaw.com |
| 901 North Glebe Road, Suite 900 | 1478 Stone Point Drive, Suite 435 |
| Arlington, VA 22203 | Roseville, CA 95661 |
| (703) 682-9320 | (916) 724-5700 |
| (703) 682-9321 (fax) | (916) 788-2850 (fax) |

*Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 79-5.2 and for the reasons in this memorandum, Plaintiff respectfully requests that this Court grant leave to file under seal certain documents in support of their replies to Defendants' Oppositions to Plaintiff's Renewed Application for Temporary Restraining Order, filed this same day. Specifically, Plaintiff requests the filing under seal of the Supplemental Declaration of Deirdra O'Gorman in Support of Plaintiff's Application for Leave to File Under Seal and Plaintiff's Renewed *Ex Parte* Motion for Temporary Restraining Order and Exhibits A, B, C, and D attached to her declaration. Undersigned Plaintiff's counsel have repeatedly attempted to contact counsel for the Federal Defendants regarding this application to file under seal on this filing date, by phone and email, but have not been able to reach them before today's filing deadline for the accompanying reply briefs. Counsel for the Sheriff has been notified of this application to file under seal and does not take a position on this application at this time.

Local Rule 79-5.2 provides that documents may be prospectively sealed if accompanied by a (i) a declaration (1) establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard, and (2) informing the Court whether anyone opposes the Application; (ii) a proposed order, narrowly tailored to seal only the sealable material, and listing in table form each document or portion thereof to be filed under seal; (iii) a redacted version of any document(s) of which only a portion is proposed to be filed under seal, conspicuously labeled "REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL"; and (iv) an unredacted version of the document(s) proposed to be filed under seal, conspicuously labeled "UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL," with any proposed redactions highlighted.

The decision to seal is in this Court's "discretion . . . in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Because the underlying application for TRO is a non-dispositive motion, only a showing of "good cause" is required here. However, this application to seal records also satisfies the higher standard required to seal records attached to dispositive motions, as explained below.

For dispositive motions, "'compelling reasons' must be shown to seal judicial records." *Id.* at 1179 "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* at 1180. Documents that are not subject to the right of public access and thus provide a compelling reason to be sealed are those records that have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). For example, protection of trade secrets, information about proprietary business operations, and a company's business model are compelling reasons to seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (citing *Kamakana*, 447 F.3d at 1178–79); *see also Velasco v. Chrysler Grp. LLC*, No. CV1308080DDPVBK, 2017 WL 445241, at *2–3 (C.D. Cal. Jan. 30, 2017), *aff'd sub nom. Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463 (9th Cir. 2018) (citing with approval the sealing of records containing proprietary business information, company business models, internal policies and strategies, and other information that gives a business a competitive edge).

In addition, "[t]he protection of proprietary business information and prospective business plans is a compelling reason to permit the filing of documents under seal." *Morawski v. Lightstorm Ent., Inc.*, No. CV1110294MMMJCGX, 2013

WL 12122289, at *2 (C.D. Cal. Jan. 14, 2013); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting Nike's application to seal because "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

Security concerns are also a "compelling reason" to seal records. *See Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("[T]he Court agrees that competitive harm and security concerns can qualify as compelling reasons."); *Bell v. Home Depot U.S.A., Inc.*, No. 2:12-c-v-02499-GEB-CKD, 2015 WL 6082460, at *2 (E.D. Cal. Oct. 15, 2015) (finding "compelling reasons" to seal documents that contained the defendant's "security protocols in opening and closing its stores, the disclosure of which could threaten its stores' security and its employees' safety").

As noted, the motion for a temporary restraining order is a non-dispositive motion and thus only "good cause" is required to seal attached records. The Supplementary Declaration of Deirdra O'Gorman in support of this application to seal provides sufficient "good cause" for the sealing of the attached records.

In addition, the attached records also satisfy the more demanding "compelling reason" test described above. The documents that Plaintiff seeks to file under seal, *see* Table 1, contain trade secrets and proprietary information about Empyreal's business, including Empyreal's business practices and processes, business partners and agreements, and the identities, identifying information, and contact information of non-party businesses who are customers of Empyreal. Empyreal takes diligent care to conceal the identities of its clients for its client's and Empyreal's safety. The nature of Empyreal's business is to securely transport

cash from businesses to financial institutions. If the names and locations of clients were well known, this could jeopardize the safety of Empyreal's drivers and make them targets for theft. Further, the names of Empyreal's clients constitute a trade secret and public revelation of such names would harm Empyreal's business as it would allow competitors to target those businesses. The information thus constitutes trade secrets, which satisfies the higher "compelling reason" standard for sealing records, and thus satisfies the "good cause" standard applicable to this non-dispositive motion.

In addition to the names of Empyreal's clients, the documents listed in Table 1 contain critical security-sensitive information about Empyreal's cash-in-transit (armored car) business that, if disclosed, could endanger the safety and security of Empyreal's drivers, armored vehicles, facilities, and the currency they are transporting or storing. This includes technical information about the security features of Empyeral's armored vehicles, Empyreal's security procedures, and other confidential details related to how Empyreal securely transports, stores, and processes U.S. currency.

Accordingly, Plaintiffs move to seal the exhibits listed in Table 1 until further order of this Court.

**Table 1: Proposed Documents to File Under Seal**

| Document | Record Description | Basis for Sealing |
|---|---|---|
| **Declaration** | Supplemental Declaration of Deirdra O'Gorman In Support of Plaintiff's Application For Leave to File Under Seal and Renewed Application for TRO | This record contains trade secrets and other proprietary business information, including Empyreal's business partners and the names and other identifying information regarding Empyreal's clients. This reveals trade secrets and could jeopardize the safety of Empyreal's drivers and vehicles.<br><br>This document also contains security-sensitive technical information about Empyreal's armored vehicles, facilities, and |

| Document | Record Description | Basis for Sealing |
|---|---|---|
| | | security procedures that could endanger the safety of Empyreal employees, vehicles, and facilities, as well as the U.S. currency they transport or store. |
| **Exhibit 1** | Missouri Dispensary Licensing Status | This record contains trade secrets and other proprietary business information, including the names and other identifying information regarding Empyreal's clients. This reveals trade secrets and could jeopardize the safety of Empyreal's drivers and vehicles. |
| **Exhibit 2** | California Dispensary Licensing Status | This record contains trade secrets and other proprietary business information, including the names and other identifying information regarding Empyreal's clients. This reveals trade secrets and could jeopardize the safety of Empyreal's drivers and vehicles. |
| **Exhibit 3** | Empyreal Police Stop Procedures Card | This record contains proprietary business information and trade secrets relating to Empyreal's business partners.<br><br>This document also contains security-sensitive technical information about Empyreal's security procedures that could endanger the safety of Empyreal employees and vehicles, as well as the U.S. currency they transport.<br><br>This document also contains private, personal contact information for Empyreal's CEO and VP of Operations, including their personal cell phone numbers. |

| Document | Record Description | Basis for Sealing |
|---|---|---|
| **Exhibit 4** | Nov. 30 Mitigation Packet | This record contains trade secrets and other proprietary business information, including the names of Empyreal's business partners, and details the business operations of the Empyreal's cash-in-transit logistics, revealing trade secrets and other proprietary business information.<br><br>This document also contains security-sensitive technical information about Empyreal's armored vehicles, facilities, and security procedures that could endanger the safety of Empyreal employees, vehicles, and facilities, as well as the U.S. currency they transport or store. |

Dated: January 27, 2022

Respectfully submitted,

/s/   David C. Bass

**INSTITUTE FOR JUSTICE**
Dan Alban (admitted *pro hac vice*)
dalban@ij.org
Kirby Thomas West (admitted *pro hac vice*)
kwest@ij.org
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)

**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
David C. Bass (Cal. Bar No. 296380)
david.bass@knchlaw.com
Jerome Satran (Cal Bar. No. 188286)
jerry.satran@knchlaw.com
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
(916) 724-5700
(916) 788-2850 (fax)

*Counsel for Plaintiff*