1

**KOELLER, NEBEKER, CARLSON & HALUCK LLP**

2

David C. Bass (Cal. Bar No. 296380)

david.bass@knchlaw.com

3

Jerome Satran (Cal Bar. No. 188286)

4

jerry.satran@knchlaw.com

1478 Stone Point Drive, Suite 435

5

Roseville, CA 95661

6

(916) 724-5700

(916) 788-2850 (fax)

7

**INSTITUTE FOR JUSTICE**

8

Dan Alban (admitted *pro hac vice*)

9

dalban@ij.org

Kirby Thomas West (admitted *pro hac vice*)

10

kwest@ij.org

11

901 North Glebe Road, Suite 900

Arlington, VA 22203

12

(703) 682-9320

13

(703) 682-9321 (fax)

14

*Counsel for Plaintiff*

15

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17

**EASTERN DIVISION**

18

19

EMPYREAL ENTERPRISES, LLC,

Case No. 5:22-cv-00094-JWH-SHKx

20

                    Plaintiff,

**SUPPLEMENTAL DECLARATION**

21

      v.

**OF DAVID BASS IN SUPPORT OF**
**PLAINTIFF'S RENEWED *EX***

22

THE UNITED STATES OF AMERICA,

***PARTE* APPLICATION FOR**
**TEMPORARY RESTRAINING**

23

et al.

**ORDER AND ORDER TO SHOW**
**CAUSE RE: PRELIMINARY**

24

                    Defendants.

**INJUNCTION**

25

26

Honorable John W. Holcomb

27

Complaint Filed: 1/14/22

28

I, David Bass, submit the following supplemental declaration in support of Plaintiff's Application to File Under Seal and Renewed *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause.

1.      I am a citizen of the United States of America and a resident of the state of California. I am over eighteen years of age and fully competent to make this declaration.

2.      I am an attorney licensed in the State of California. My practice includes advising financial institutions and service providers, including cash-in-transit (armored car) companies, regarding anti-money laundering and banking industries such as cannabis and cryptocurrency.

3.      I am a former prosecutor, including a role as Deputy Attorney General at the California Attorney General's Office, where I worked in the Financial Fraud and Special Prosecutions Unit. I have been a Certified Anti-Money Laundering Specialist as certified by the Association of Certified Anti-Money Laundering Specialists. I was also the lead prosecutor for the Attorney General's Northern California Tax Recovery and Crime Enforcement Task Force, which was a state and federal task force. I have presented on issues of digital currencies and cannabis in the past.

4.      I am also a military veteran who has been deployed on narcotics interdiction missions in parts of South America, and I am familiar with law enforcement actions against the illicit market and legal cannabis industry.

SUPPLEMENTAL DECLARATION OF DAVID BASS

5.      I am counsel for Empyreal Enterprises, LLC d/b/a Empyreal Logistics ("Empyreal").

6.      I have reviewed the dashcam footage and in-car audio, along with reports from law enforcement, from the Kansas stops that occurred on May 17 and May 18, 2021, which Special Assistant United States Attorney Colin Wood provided to Empyreal's counsel in Kansas. This footage was not provided to Empyreal until Monday, January 24, 2022, after Empyreal filed its Renewed *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause and accompanying memorandum of law.

7.      I have personal knowledge of the following facts and would competently testify to them if called upon to do so.

8.      The dashcam footage and in-car audio reveal that neither local nor federal law enforcement possessed probable cause to believe Empyreal was engaged in any of the crimes it accused Empyreal of during the May 17 and May 18, 2021 stops.

9.      For instance, at approximately the 6:10 mark of the recording provided by Special AUSA Wood, DEA Agent Bryson Wheeler—the affiant for the affidavit that accompanied the civil forfeiture complaint filed against the cash seized from Empyreal's vehicle in Kansas— expresses confusion about the business model and confesses: "I don't think that's necessarily illegal. It's just strange as hell. It seems like they're a bank operating as not a bank."

10.     However, as was explained to Officer Robinson, Empyreal is an armored car company that delivers to financial institutions. Empyreal has never been a chartered bank or credit union, nor has it never sought such status.

11.     At approximately the 10:45 mark of the recording, Agent Wheeler calls Officer Robison and claims that cannabis proceeds must stay in the state where cannabis is legal and cannot be transported across state lines. This is incorrect. Based on my professional experience, there is no law indicating that proceeds become illegal when they leave a state. For example, gambling is illegal in many states, yet it is not illegal to take gambling proceeds out of Las Vegas and into a neighboring state.

12.     At approximately the 13:20 mark of the recording, Agent Wheeler claims that Empyreal's operations are bulk cash smuggling. This is also incorrect. Bulk cash smuggling is defined by federal law under 31 U.S.C. § 5332. It requires an intent to evade a currency reporting requirement, and the transportation of cash into or outside the United States. Even if the Agent meant that Empyreal was simply trying to avoid reporting requirements, this too would be wrong. FinCEN Rule FIN-2013-R001, which was issued July 12, 2013, provides an exception for Currency Transaction Reports under certain circumstances, such as when an armored car service ("ACS" as defined by FinCEN) delivers cash to a financial institution on behalf of the financial institution or the customer. It is the financial institution, not the ACS, that must file the Currency Transaction Report.

13.    Additionally, money laundering would only occur if there was an attempted evasion of reporting requirements (among other statutory elements of the offense). Based on the information that Empyreal has readily shared with law enforcement, law enforcement is able to check the FinCEN database to quickly determine whether each financial institution is abiding by its reporting requirements, such as filing all Currency Transaction Reports. This would include the ability to check whether any financial institution has filed a marijuana suspicious activity report based on suspicions that Empyreal is engaging in unlawful business, is transporting funds derived from illegal activity, or is engaged in any behavior designed to evade reporting regulations.

14.    Accordingly, none of Agent Wheeler's nor Officer Robinson's statements about criminal activity have a foundation in the law.

15.    Yet, at approximately the 31:00 mark of the recording, Officer Robinson communicates Empyreal's itinerary for the next day to Agent Wheeler and states, "I don't know if you want to get in on this and get [the driver's] ass."

16.    Agent Wheeler responds that they should place all of Empyreal's vehicles into a license plate reader and then "smash them into submission."

17.    Based on my experience, I understand Agent Wheeler to be referring to a national license plate reader system (LPR), which uses high-speed cameras and software to enable law enforcement agencies to read the license plates of vehicles on the roadways and alert law enforcement of potential targets. Adding all of

Empyreal's vehicles into the LPR would enable law enforcement officers to identify Empyreal vehicles as targets for stops, searches, and seizures regardless of the state they are traveling in or their otherwise full compliance with all traffic laws.

18.    After deciding to place all of Empyreal's vehicles into the LPR, Agent Wheeler notes that Empyreal will fight the seizures, but law enforcement should "crush every one of their cars that they can identify."

19.    Agreeing with Agent Wheeler's plan, around the 36:50 mark of the recording, Officer Robinson states, "We'll start taking them all down at once."

20.    A few months after the May 17 and 18, 2021 stops and seizure in Kansas, I was contacted by Empyreal regarding the November 16, 2021 stop and seizure in San Bernardino County, California.

21.    I have included within this declaration a true and correct copy of the November 16, 2021 warrant and affidavit submitted by the San Bernardino Sheriff's Office as **Exhibit A** to my declaration, with redactions made for purposes of security, data privacy, and confidentiality regarding individual's names and the business operations and security procedures of Empyreal. Empyreal did not receive a full copy of this warrant, including the affidavit, until Tuesday, January 25, 2022, after Empyreal filed its Renewed *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause and accompanying memorandum of law. I have repeatedly requested full copies of this warrant from Detective Juarez of the San Bernardino Sheriff's Department, including in phone calls on November 17, 2021

SUPPLEMENTAL DECLARATION OF DAVID BASS

and December 6, 2021. I also repeatedly called the San Bernardino County District Attorney's Office in November and December 2021 regarding obtaining the full copy of this warrant because Detective Juarez told me that was who I should contact to get the warrant and further information on the seizure.

22.    In the Statement of Probable Cause that was submitted by Deputy Franco, it attributes the following statement to a transport supervisor that Deputy Franco spoke with: "Once the currency arrives to the Branch, the currency is deposited into bank accounts belonging to each individual cannabis company and turned into coin-base [sic]."

23.    I have reviewed the audio and video that Empyreal's vehicle recorded of this incident, and this statement is not supported by that contemporaneous recording.

24.    A recording of the video demonstrates that, despite the Deputy's averments in his Statement of Probable Cause, Deputy Franco never in fact mentioned or discussed Coinbase or cryptocurrency while on the phone with Empyreal's representatives.

25.    At one point during the call, the Deputy mentions coins, which is entirely different from Coinbase—a publicly traded business that provides a cryptocurrency exchange platform—asking: "Just so I understand, you receive money from these marijuana companies, and then you exchange it for coins and give it back?"

26.     Notably, because Coinbase is simply a financial technology platform for *exchanging* cryptocurrency, it is simply not possible for currency of any kind to be "turned into" Coinbase.

27.     Putting aside the fact that currency cannot be "turned into" Coinbase and the fact that the video does not in fact reflect a discussion of Coinbase or cryptocurrency, based on my experience, using Coinbase to "avoid taxes and/or Law Enforcement detection" through an intermediary like an armored car service would be inefficient and unwise. First, Coinbase has its own anti-money laundering program, cooperates with law enforcement with a valid subpoena, and each account is connected to a seperate individual financial account and an immutable ledger. Coinbase also charges fees and, as has been recently shown, the volatility of cryptocurrencies on Coinbase like Bitcoin make it a seriously poor choice as stored value for the moment.

28.     Deputy Franco also stated in his affidavit that he called the "Bureau" of Cannabis Control and "found out that Empyreal LLC was not listed as a business authorized to conduct marijuana/cannabis business in the State of California." That is because Empyreal does not have to be "listed"; the Department of Cannabis Control does not regulate armored car services in California. Armored car companies that transport cannabis plants or plant products must get a distributor license, but, as was explained to Deputy Franco during the November 16 stop, Empyreal only transports cash and rolled coins. It never transports cannabis. Therefore, based on

my experience, armored-car companies such as Empyreal are in no way regulated by the Department of Cannabis Control or under its jurisdiction.

Executed this <u>27th</u> day of January, 2022, in Roseville, California.

Respectfully submitted,

<u>/s/ David C. Bass</u>
**KOELLER, NEBEKER, CARLSON &**
**HALUCK LLP**
David C. Bass (Cal. Bar No. 296380)
david.bass@knchlaw.com
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
(916) 724-5700
(916) 788-2850 (fax)

*Counsel for Plaintiff*

SUPPLEMENTAL DECLARATION OF DAVID BASS