HEIDI K. WILLIAMS (CA State Bar No. 297428)
Deputy County Counsel
TOM BUNTON (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-4402
Facsimile: (909) 387-4069
E-Mail: heidi.williams@cc.sbcounty.gov

Attorneys for Defendant Shannon D. Dicus, San Bernardino County Sheriff-Coroner, in his official capacity

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPYREAL ENTERPRISES, LLC, d/b/a EMPYREAL LOGISTICS<br><br>Plaintiff,<br><br>v.<br><br>The United States of America; the U.S. Department of Justice; Attorney General MERRICK GARLAND, in his official capacity; the Federal Bureau of Investigation; CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation, in his official capacity; KRISTI KOONS JOHNSON, Assistant Director of the Federal Bureau of Investigation overseeing the FBI's Los Angeles Field Office, in her official capacity; the Drug Enforcement Administration; ANNE MILGRAM, Administrator of the Drug Enforcement Administration, in her official capacity; SHANNON D. | Case No. 5:22-cv-00094-JWH-SHK<br><br>DEFENDANT SHANNON D. DICUS' OBJECTION TO PLAINTIFF'S NEW EVIDENCE FILED WITH REPLY<br><br>Honorable District Court Judge John W. Holcomb<br><br>Honorable Magistrate Judge Shashi H. Kewalramani |

1
DEFENDANT SHANNON D. DICUS' OBJECTION TO NEW EVIDENCE FILED WITH REPLY

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | DICUS, San Bernardino County Sheriff-Coroner, in his official capacity as the head of the San Bernardino County Sheriff's Office.<br><br>                Defendants. |

I.

INTRODUCTION

Although the parties stipulated to allow Plaintiff Empyreal Enterprises, LLC, doing business as Empyreal Logistics, an opportunity to file a reply brief in support of its Renewed Application for Temporary Restraining Order (Dkt. 36), this stipulation did not set aside the well-settled notions of fair play in litigation. It is nearly black letter law that evidence produced in support of a moving party's request for the first time on reply deprives the opposing party an opportunity to respond and is improper. Accordingly, Defendant San Bernardino County Sheriff-Coroner Shannon D. Dicus, in his official capacity, hereby objects to any consideration of Empyreal Enterprise's newly filed Supplemental Declaration of Dierdra O'Gorman (Dkt. 50), Supplemental Declaration of David Bass (Dkt. 53), Declaration of Eric Picardal (Dkt. 54), Declaration of Michael Jerome (Dkt. 55), and all exhibits thereto. Sheriff Dicus further requests that these items and all portions of the reply brief that reference them be stricken from the record.

II.

RELEVANT PROCEDURAL BACKGROUND

Plaintiff Empyreal Enterprises, LLC, doing business as Empyreal Logistics ("Plaintiff") filed its Complaint on January 14, 2022. Dkt. 1. Plaintiff filed an Ex Parte Application for Temporary Restraining Order on the same day. Dkt. 17, 18. The Court denied that application for lack of notice without prejudice. Dkt. 32.

Plaintiff, the federal defendants, and Defendant San Bernardino County Sheriff-Coroner Shannon D. Dicus, in his official capacity ("Sheriff"), stipulated to allow Plaintiff

2

1  to file a renewed ex parte application with a modified briefing schedule. Dkt. 35.
2  Although the briefing schedule permitted Plaintiff to file a reply, the parties did not
3  stipulate to allow Plaintiff to file new evidence with that reply. *Id.* The Court granted the
4  stipulation via modified order on January 19, 2022. Dkt. 37.

5        Plaintiff filed a Renewed Application for TRO on January 19, 2022. Dkt. 36. In
6  support, Plaintiff filed a Declaration of Dierdra O'Gorman and a declaration of counsel
7  with two exhibits. Dkt. 36-1 through 36-4.

8        Federal Defendants filed an opposition on January 25, 2022. Dkt. 45. Sheriff also
9  filed an opposition on January 25, 2022. Dkt. 46.

10       On January 27, 2022, Plaintiff filed a reply brief along with four new declarations,
11 multiple exhibits, and an application for leave to file items under seal that were not
12 previously disclosed to the defendants in the two separate applications. Dkt. 49-55.

13       The Sheriff hereby objects to the consideration of any new evidence filed for the
14 first time with Plaintiff's reply.

### III.
### LEGAL STANDARDS

It is well-settled, in a variety of procedural phases of litigation, that a moving party is not permitted to offer new evidence for the first time with its reply. This tactic is unduly prejudicial because it deprives the opposing party of an opportunity to respond to the newly proffered evidence. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-99 (1990); *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (court should not consider new evidence submitted in reply without affording non-moving party opportunity to respond); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) (striking parts of reply brief presenting new information); *Love v. Scribner,* 691 F.Supp.2d 1215, 1235 (S.D.Cal. 2010) (quoting *Rivera–Flores v. Puerto Rico Tel. Co.,* 64 F.3d 742 (1st

Cir.1995) (factors to consider before exercising discretion to reopen the record, including whether moving party's explanation of why information was not included earlier is bona fide).

"Generally, 'reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion.' 'New evidence submitted as part of a reply is improper' because it does not allow the defendant an adequate opportunity to respond. For this reason, the district court may decline to consider new evidence or arguments raised in reply, and generally 'should not consider the new evidence without giving the non-movant an opportunity to respond.'" *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018).

## IV.
## LEGAL ARGUMENT

The large volume of new evidence submitted by Plaintiff on January 27, 2022 is not properly before the Court because defendants have not been afforded an opportunity to respond. Plaintiff has not articulated any reason this evidence could not have been filed with the moving papers with one exception of the probable cause portion of the November 2021 search warrant. Even in that case, the information does not directly respond to any argument raised by Sheriff because it was redacted from the opposition. Accordingly, each of the items discussed below should be stricken from the record.

A. <u>Plaintiff's New Evidence Is An Improper Attempt to Bolster Its Deficient Application for a Temporary Restraining Order; All Newly Filed Evidence Should Be Disregarded As Untimely</u>.

In Plaintiff's Reply to Sheriff's Opposition (Dkt. 52), Plaintiff relies on newly filed evidence. Plaintiff does not explain the inclusion of this new evidence in the reply brief. This tactic appears to be an improper attempt to bolster an insufficient application. Sheriff objects to this tactic and requests that all new evidence be stricken from the record.

//
//

Plaintiff first seeks leave to file client lists, a supplemental declaration of Deirdra O'Gorman, a "Police Stop Procedures Card", and a large "mitigation packet" from public view. See Dkt. 49. These items were not included in the original or renewed application for temporary restraining order. No explanation has been provided as to why they did not make this request sooner.

In particular, Plaintiff relies on the Supplemental Declaration of Dierdra O'Gorman, dated January 27, 2022 (filed under seal and not provided to the Sheriff until 6:25 p.m. on January 27, 2022) in its reply to bolster its argument that Plaintiff *and its clients* operate "in full compliance with cannabis and financial laws and regulations and are in good standing with the State of California." Reply, Dkt. 52, 9:19-10:2. This same assertion was made with the original application. The supplemental support for this claim, which is still deficient if considered, was not provided until the Sheriff argued Plaintiff failed to meet its burden on the application. Given this improper attempt to bolster its original lack of evidentiary support, the untimely supplemental declaration of Ms. O'Gorman and attached exhibits, whether sealed or not, should be stricken.

While claiming not to attack the state court warrant itself (Reply, Dkt. 52, 1:12-4:17), Plaintiff relies on a variety of new evidence to attack the probable cause declaration in the state court warrant obtained by Sherriff's deputies. Reply, Dkt. 52, 10:3-10:14 (citing the Supplemental Declaration of David Bass, dated January 27, 2022, Declaration of Eric Picardal, and Declaration of Michael Jerome, Dkt. 53, 53-1, 54, 55). Mr. Bass contends he did not have the warrant when the application was filed, however, this is irrelevant because Sheriff did not rely on the redacted probable cause declaration in opposition. Further, Plaintiff had access to all the Empyreal employees to get statements and had all the recordings that could have been presented with its original application. Plaintiff failed to do so and now seeks to cure those omissions to the detriment of the opposing parties. These new declarations and exhibits should be stricken as an improper attempt to bolster a deficient application without giving the Sheriff adequate opportunity to respond.

B. <u>The Supplemental Declaration of David Bass and Exhibits Should Be Disregarded</u>.

In addition to the improper inclusion of the new evidence described above, Plaintiff's counsel David Bass seems to be declaring himself an expert on certain matters and rendering legal opinions and conclusions in a declaration instead of in his argument papers based on review of evidence Plaintiff failed to file with either application. As to the Sheriff, Mr. Bass buries an explanation in his declaration that a copy of the warrant was not provided to him until January 25, 2022 (Dkt. 53 ¶ 21). He then renders opinions regarding whether the portion of the warrant that the Sheriff redacted in opposition to the renewed application is consistent with recordings that Plaintiff did not put before the court. Dkt. 53 ¶¶ 22-28. These opinions are again buried in a declaration rather than squarely responsive to any arguments raised in opposition to the renewed application. Therefore, the January 27, 2022 Declaration of David Bass and Exhibit A thereto should be disregarded as not properly before the Court.

C. <u>The Declaration of Eric Picardal Should Be Disregarded As Untimely</u>.

Plaintiff has not explained why it was unable to file the Declaration of Eric Picardal, its former employee, prior to filing its reply. In addition to being untimely, the declaration is objectionable to the extent it contains statements for which Mr. Picardal lacks personal knowledge. For example, even though he was not present for the entire stop in November 2021, he opines that "the driver may have told the deputy" something that prompted a specific question. Dkt. 54 ¶ 10. The Sheriff requests the Court disregard this untimely new evidence as well.

D. <u>The Declaration of Michael Jerome Should Be Disregarded As Untimely</u>.

The entire Declaration of Michael Jerome, filed in support of the reply, also constitutes an improper attempt to bolster Plaintiff's deficient application for temporary restraining order. Dkt. 55. This declaration contains a recitation of conversations supposedly also captured on audio recordings that were in Plaintiff's possession since the first stop in November 2021. Mr. Jerome did not explain the delay in providing a declaration in support of his current employer's application. Therefore, this declaration

should also be stricken.

## IV.

## CONCLUSION

For the reasons presented above, Defendant San Bernardino County Sheriff-Coroner Shannon D. Dicus, in his official capacity, objects to any consideration of Plaintiff's newly filed Supplemental Declaration of Dierdra O'Gorman (Dkt. 50), Supplemental Declaration of David Bass (Dkt. 53), Declaration of Eric Picardal (Dkt. 54), Declaration of Michael Jerome (Dkt. 55), and all exhibits thereto. The Sheriff respectfully requests the Court strike these items from the record.

DATED: January 28, 2022           Respectfully submitted,

                                  TOM BUNTON
                                  County Counsel


                                  /s/ Heidi K. Williams
                                  HEIDI K. WILLIAMS
                                  Deputy County Counsel
                                  Attorneys for Defendant
                                  Shannon D. Dicus, San Bernardino County
                                  Sheriff-Coroner, in his official capacity