**INSTITUTE FOR JUSTICE**
Dan Alban (admitted *pro hac vice*)
dalban@ij.org
Kirby Thomas West (admitted *pro hac vice*)
kwest@ij.org
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)

**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
David C. Bass (Cal. Bar No. 296380)
david.bass@knchlaw.com
Jerome Satran (Cal Bar. No. 188286)
jerry.satran@knchlaw.com
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
(916) 724-5700
(916) 788-2850 (fax)

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| EMPYREAL ENTERPRISES, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 5:22-cv-00094-JWH-SHKx<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT DICUS'S OBJECTION TO NEW EVIDENCE FILED WITH REPLY**<br><br>Honorable John W. Holcomb |

　　　Plaintiff hereby responds to Sheriff Dicus's Objection to Plaintiff's New Evidence Filed with Plaintiff's Reply. (ECF 56).

　　　This Court has discretion to consider all evidence submitted by Plaintiff in an application for TRO or preliminary injunction. "[I]n deciding a motion for a preliminary injunction, the Court has broad discretion to consider all arguments and evidence, including hearsay and other inadmissible evidence, declarations

1
PLAINTIFF'S RESPONSE TO SHERIFF DICUS'S OBJECTION

from interested parties, and arguments raised for the first time in a reply."). *Brinton Bus. Ventures, Inc. v. Searle*, 248 F. Supp. 3d 1029, 1032 (D. Or. 2017).

**First**, it is blackletter law that the rules of evidence do not strictly apply to preliminary injunctions or *ex parte* applications for a TRO. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."). "Due to the urgency of obtaining a preliminary injunction at a point when there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings." *Herb Reed Enter., LLC v. Florida Ent't Mgmt., Inc.*, 736 F.3d 1239, 1250 n. 5 (9th Cir. 2013). For example, courts may consider inadmissible evidence, such as hearsay evidence, in determining whether to issue a temporary restraining order or preliminary injunction. *See Houdini Inc. v. Goody Baskets LLC*, 166 F. App'x 946, 947 (9th Cir. 2006) ("[T]he district court did not abuse its discretion in considering hearsay and biased evidence of actual confusion because the rules of evidence do not strictly apply to preliminary injunction proceedings."); *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988).

This applies equally to applications for temporary restraining orders. *See Torres v. Milusnic*, 472 F. Supp. 3d 713, 721 n.21 (C.D. Cal. 2020), enforcement granted in part, denied in part, No. CV204450CBMPVCX, 2021 WL 3829699 (C.D. Cal. Aug. 27, 2021); *see also Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (In deciding whether to issue a temporary restraining order, the district court "may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial.").

Federal district courts in this Circuit may and do consider new evidence and new arguments submitted in reply briefs and supplemental declarations at the TRO stage. *See, e.g., Ei Corp., Inc. v. Gallant Cap. Partners*, LLC, No. 220CV01119APGNJK, 2020 WL 4018929, at *1 (D. Nev. July 16, 2020) ("The

defendants object to Ei's hearsay evidence as well as to the reply and supplemental declarations. But I can consider hearsay when ruling on a TRO motion.") (citing *Herb Reed*, 736 F.3d 1239, 1250; *Marcos*, 862 F.2d 1355, 1363); *Brinton Bus. Ventures*, 248 F. Supp. at 1032.

**Second**, as the Sheriff recognizes, a reply brief may address "matters either raised by the opposition or unforeseen at the time of the original motion." Obj. 4 (quoting *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018). That is, in fact, what the evidence Plaintiff submitted addresses.

The evidence submitted by Plaintiff in its January 27, 2022 filings meets these criteria. It was:

(1) in response to newly obtained evidence not in Plaintiff's possession at the time of its TRO application and which were only obtained this week (the unredacted November 16, 2021 search warrant and the May 17 and 18, 2021 Kansas dashcam videos quoted from in David Bass's Supplemental Declaration). Plaintiff has been trying to obtain both pieces of evidence for months, but it has been unable to do so until this week due to the Defendants' refusal to promptly provide them;

(2) evidence offered related to that newly obtained evidence (the Declaration of Eric Picardal regarding the Nov. 16 phone conversation with Deputy Franco described in the unredacted search warrant, the Declaration of Michael Jerome regarding a Nov. 16 phone call with Deputy Franco *excluded from* the unredacted search warrant, the Supplemental Declaration of David Bass regarding the unredacted search warrant and Kansas dashcam videos, the Nov. 30 mitigation packet which addresses the allegations made about the Nov. 16 seizure);

(3) in response to new evidence offered by the Defendants (the Declaration of FBI Special Agent David Ricker quoted brief (and misleading, by omission) excerpts from Empyreal's Police Stop Procedures Card, ECF 45-1 at ¶ 8, but did not attach the actual document, which Plaintiff has now provided for the Court); or

(4) offered in rebuttal to an attempt to impeach a witness. In its opposition, the Sheriff alleged the testimony provided by Empyreal CEO Deirdra O'Gorman about the legality of her business and her clients' business operations was unreliable as "a conclusory and self-serving declaration from the financially invested Chief Executive Officer." ECF 46 at 1; *id.* at 10, 11. In response to the Sheriff's attempt to impeach their declarant, Plaintiffs have provided sealed documents demonstrating that Plaintiffs' clients do, in fact, hold cannabis licenses in good standing with their respective state agency, just as Ms. O'Gorman testified.

**Third**, although this is nominally an *ex parte* proceeding, the Sheriff has now been afforded the opportunity to not only file an opposition on an abbreviated briefing schedule but has also now had an opportunity to object or respond to the new evidence offered by Plaintiff by filing this very Objection. Plaintiff does not object to the Court considering any rebuttals to Plaintiff's evidence presented by the Sheriff in its Objection.

This Court has discretion to consider Plaintiff's supplementary evidence given the urgent nature of this proceeding and should do so given that critical, relevant evidence was only obtained after Plaintiff filed its application for TRO.

Dated: January 28, 2022

**INSTITUTE FOR JUSTICE**
Dan Alban (admitted *pro hac vice*)
dalban@ij.org
Kirby Thomas West (admitted *pro hac vice*)
kwest@ij.org
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)

Respectfully submitted,

/s/   David C. Bass
**KOELLER, NEBEKER, CARLSON & HALUCK LLP**
David C. Bass (Cal. Bar No. 296380)
david.bass@knchlaw.com
Jerome Satran (Cal Bar. No. 188286)
jerry.satran@knchlaw.com
1478 Stone Point Drive, Suite 435
Roseville, CA 95661
(916) 724-5700
(916) 788-2850 (fax)

*Counsel for Plaintiff*