TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE OSINOFF
Assistant United States Attorney
Chief, General Civil Section
TALYA M. SEIDMAN (Cal. Bar No. 336534)
Assistant United States Attorney
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-7137
    Facsimile:   (213) 894-7819
    E-mail:       Talya.Seidman@usdoj.gov
                   Jonathan.Galatzan@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EMPYREAL ENTERPRISES dba EMPYREAL LOGISTICS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 5:22-cv-00094-JWH-SHK<br><br>**FEDERAL DEFENDANTS' OBJECTION TO PLAINTIFF'S NEW EVIDENCE FILED WITH REPLY AND REQUEST TO STRIKE**<br><br>No Hearing Set<br><br>Honorable John W. Holcomb<br>United States District Judge |

    Federal Defendants object to the declarations and evidence attached to Plaintiff's reply brief in support of its Renewed Ex Parte Application for a TRO. Federal Defendants respectfully request that the Court strike these items from the record and that it not consider them in deciding the merits of Plaintiff's application.

## I. ARGUMENT

Evidence submitted for the first time on reply that should have been presented in the underlying application is improper because the opposing party is denied any opportunity to respond. *See Semper/Exeter Paper Company LLC v. Henderson Specialty Paper LLC*, 2009 WL 10670619 at *2 (C.D. Cal. 2009) (sustaining objection to supplemental evidence filed for the first time on reply, reasoning that "[a] district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief."); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond."); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (applying *Provenz* rule to preliminary injunctions); *Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534 at *7 (C.D. Cal. 2009) ("'The opposing party should not have to incur the cost and effort of additional filings – a motion to file a sur-reply, and the sur-reply itself – because the movants deliberately, or more likely inadvertently, held back part of their case.'") (quoting *Gutierrez v. 78th Judicial Dist. Court*, 2009 WL 1507415 at *1 (W.D. Mich. 2009)). The rule that a moving party must present all of its evidence or raise all of its legal arguments in a substantive brief, rather than in reply, is grounded in the notion of fairness. *See Save the Peaks Coal. v. U.S. Forest Serv.*, 2010 WL 3800896 at *2 (D. Ariz. 2010) ("Each time a moving party is permitted to raise new arguments or present new evidence in reply, the non-moving party is essentially deprived of the opportunity to address these new contentions.").

In support of its argument in reply that it was in strict compliance with California medical marijuana laws, Plaintiff submitted a supplemental declaration from Deirdra O'Gorman including exhibits listing the names and license numbers of the Missouri and California cannabis companies it was allegedly doing business with. Not only is this

improperly offering new evidence by reply, but the prejudice of permitting this additional evidence is magnified because Plaintiff is attempting to make the threshold showing in reply which it failed to do in its original motion. The supplemental assertions in O'Gorman and Bass' declarations, additional exhibits, and declarations of Eric Picardal and Michael Jerome could and should have been provided within the Plaintiff's Renewed Ex Parte Application for TRO. Because Plaintiff did not properly allow Federal Defendants the opportunity to respond to this new evidence, all declarations and exhibits attached to its reply should be refused to be considered by this Court.[1]

## II.  CONCLUSION

For the reasons discussed above, Federal Defendants object to Plaintiff's filed declarations and all exhibits thereto in support of its reply. Federal Defendants respectfully request the Court strike these items from the record.

Dated: January 28, 2022                    Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   /s/ *Talya M. Seidman*
TALYA M. SEIDMAN
Assistant United States Attorney
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Federal Defendants

---

[1] In its reply, supplemental declarations, and exhibits, Plaintiff again attempts to litigate the validity of the stops that occurred in Kansas and which are currently presented before the District Court of Kansas. Federal Defendants repeat that this is improper forum shopping. Furthermore, the supplemental declarations of O'Gorman and Bass are based on hearsay, lack foundation, lack authentication, and fail to satisfy the best evidence rules. They are deficient, inadmissible, and should be disregarded by the Court. *See* Fed. R. Evid. 602, 801, 802, 805, 901, 1002.